**Richard P. BECKER and Margaret H. Becker, Plaintiffs,**

v.

**Blythe H. EVANS, Jr., Attorney-at-law, Defendant.**

Civ. A. No. 79–1316.

United States District Court. M. D. Pennsylvania.

March 11, 1980.

---

Richard P. Becker, pro se.

John E. V. Pieski, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

The essence of the underlying action here is the attempt of Plaintiffs, Robert and Margaret Becker, to halt what they allege is an improper procedure brought against them in violation of their rights.

The Beckers were sued in the Court of Common Pleas of Luzerne County, Pennsylvania, by Philip Fitelson, a local realtor, seeking to recover the fee owed him for services rendered. His attorney in that action is Blythe Evans. The procedural history of that action has been outlined in our earlier memoranda. The date significant to this motion is February 16, 1979. On that date, a Board of Arbitrators met in Luzerne County to hear the case, and entered a default judgment against the Beckers in the amount of $875.00 when they failed to appear.

The Beckers maintain that the reason they failed to appear is that they received no notice of the arbitration proceeding. Evans alleges that notices of the hearing were sent in compliance with Pennsylvania procedure, and notices of the entry of the default judgment were sent to them after the hearing.

On May 23, 1979, Evans, as attorney for Fitelson praeciped the arbitration award for judgment, because the time period for entry of an appeal from the arbitration award had passed. A writ of execution on this judgment was issued on February 15, 1980 by the Court of Common Pleas of Luzerne County, setting March 11, 1980 as the date of Sheriff's sale.

Beckers have now petitioned this Court for an order, injunction or stay of further proceedings by Defendant Evans to enforce the judgment against them.

The Beckers invoke the jurisdiction of the Federal District Court on the basis of two actions filed here subsequent to the entry of judgment against them in Luzerne County.

The first was filed in the U.S. District Court for the Middle District of Pennsylvania, No. 79–667. Plaintiffs brought suit against Blythe Evans, Fitelson's attorney, alleging that he violated their due process rights by not notifying them of the arbitration hearing. They sought an award of damages under 42 U.S.C. § 1983. The Court granted Defendant Evans' Motion to Dismiss on the grounds that Plaintiffs had failed to allege a claim upon which relief could be granted.

The Beckers then filed another action against Evans in the District Court arising out of the same facts but basing this action on 28 U.S.C. § 1343. Defendant Evans

**21**

moved to dismiss. This Court again granted his motion, finding that 28 U.S.C. § 1343 did not provide an independent basis for jurisdiction, and that an action based on § 1983 would be barred by res judicata. The Court also noted that the Plaintiffs were not without remedy due to the dismissal of their complaint. There were remedies still available to them in the state court.

Rather than pursue their remedies in Luzerne County, the Beckers sought to appeal the dismissal of their action to the Third Circuit Court of Appeals. That appeal is currently pending.

On February 15, 1980, the Luzerne County Court issued a writ of execution on the judgment entered against the Beckers by the Board of Arbitrators. Plaintiffs' petition to stay that execution pending the outcome of their appeal is now before the Federal Appellate Court.

The federal courts are courts of limited jurisdiction. They cannot exercise plenary power in the absence of a statute or Constitutional authorization to do so. The Beckers are asking this Court to stay proceedings in the Courts of Luzerne County. The district court's power to stay state court proceedings is limited by the Federal Anti-Injunction Act, 28 U.S.C. § 2283, which provides that:

> "A court of the United States may not grant an injunction to stay proceedings in a state court except as necessarily authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Unless the action requested by the Beckers comes within one of the three exceptions to this general prohibition against injunctions this Court is without power to grant any such stay. *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970).

State court proceedings to enforce a state court judgment have been found not to come within any of these exceptions, and therefore the district court lacks jurisdiction to issue the injunction. *Jennings v.*

*Boenning & Company*, 482 F.2d 1128 (3rd Cir.1973); *In re Glenn W. Turner Enterprises Litigation*, 521 F.2d 775 (3d Cir. 1975).

Therefore, the Plaintiffs' petition for an order staying or enjoining the enforcement of the state court judgment is denied.