**Toribio GARCIA, Plaintiff, Appellee,**

v.

**Juan BAUZA–SALAS, et al.,
Defendants, Appellants.**

No. 88–1688.

United States Court of Appeals,
First Circuit.

Heard Oct. 7, 1988.

Decided Dec. 6, 1988.

As Amended Dec. 13, 1988.

Maria L. Jimenez Colon, Federal Litigation Div., Dept. of Justice, Hato Rey, P.R., with whom Rafael Ortiz Carrion, Sol. Gen., and Norma Cotti Cruz, Deputy Sol. Gen., Ponce, P.R., were on brief, for defendants, appellants.

Jose M. Munoz Silva, Mayaguez, P.R., for plaintiff, appellee.

Before CAMPBELL, Chief Judge, and BOWNES and BREYER, Circuit Judges.

BOWNES, Circuit Judge.

This appeal arises out of the district court's granting of a preliminary injunction in favor of plaintiff-appellee Garcia, which enjoined the government of Puerto Rico from enforcing one of its sugar marketing regulations. Defendants-appellants, the Puerto Rico Secretary of Agriculture (Bauzá Salas), the government of Puerto Rico and others [hereinafter the Secretary, appellant or defendant], have appealed the propriety of this injunction. Because we find that the injunction violates the Anti–Injunction Act, 28 U.S.C. § 2283, we reverse the decision of the district court, 686 F.Supp. 965, and vacate the preliminary injunction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Garcia is a Puerto Rico merchant who was engaged in the business of repackaging sugar from large bags imported for industrial use into smaller two- and five-pound bags for sale to consumers. On August 20, 1984, the Department of Agriculture of Puerto Rico passed an amendment to its Market Regulation No. 13 that prohibited such repackaging without first obtaining a license from the government.

García challenged the regulation and its application to his business in the courts of the Commonwealth of Puerto Rico. On October 9, 1984, he filed in the Superior Court, Mayaguez Part [hereinafter the Mayaguez case], a claim alleging, *inter alia,* that Regulation No. 13 violated the laws and the Constitution of Puerto Rico. He requested both declaratory and injunctive relief.

While that case was pending, a second action, this one *against* Garcia, was commenced by the Sugar Corporation of Puerto Rico in the Superior Court, Ponce Part [hereinafter the Ponce case]. The Sugar Corporation, which is affiliated with the government of Puerto Rico but legally independent of it, *see Sugar Corp. of Puerto Rico v. Environeering Inc.,* 520 F.Supp. 996, 998–99 (D.P.R. 1981), requested that the court enjoin Garcia from repackaging sugar until such time as he obtained the required license. Garcia defended this action solely on Commonwealth-law grounds.

In the fall of 1985, decisions were reached in each of these cases. Garcia prevailed in his Mayaguez action and the enforcement of Regulation No. 13 was enjoined. A contrary result was reached in the Ponce case: the regulation was upheld and Garcia was barred from repackaging sugar without a license. Both decisions were appealed to the Supreme Court of Puerto Rico, where they were consolidated.

Before that appeal had been decided, Garcia commenced the instant action against the Secretary in the federal district court of Puerto Rico. He alleged that Regulation No. 13 violated the interstate commerce clause of the United States Constitution,[1] U.S. Const. art. I, § 8, cl. 3, and asked for a preliminary injunction to enjoin enforcement of the regulation. The defendant, while stating that he did not submit to the jurisdiction of the district court, requested that it stay proceedings until after a decision had been reached in the Puerto Rico supreme court. Such a decision, he argued, would make clear the proper interpretation of the regulation under Commonwealth law and might obviate the need to reach any federal questions. The district court agreed, and under the doctrine of *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817–21, 96 S.Ct. 1236, 1246–48, 47 L.Ed.2d 483 (1976), stayed the proceedings until after the issues of local law had been decided by the Commonwealth's highest court.

On November 30, 1987, the Supreme Court of Puerto Rico upheld Regulation No. 13 against Commonwealth-law challenges, reversing the Mayaguez case and affirming the judgment of the Ponce case.

On January 28, 1988, with the apparent acquiescence of the defendant, the district court resumed proceedings on the sole remaining federal issue: whether Regulation No. 13 violates the interstate commerce clause. After defendant's request for a pre-trial hearing was denied, an oral hearing was held to determine whether Garcia should be granted a preliminary injunction. At this time, the Secretary opposed entry of the injunction on the procedural ground of res judicata and the substantive ground that the regulation did not violate the federal Constitution. The district court determined that res judicata should not apply despite the fact that the statutory prerequisites to imposing res judicata—identity of things, causes and parties—existed between this federal case and the Mayaguez action. *See* P.R. Laws Ann. tit. 31, § 3343 (1968). The district court ruled that Puerto Rico supreme court precedent held that the

---

1. Plaintiff also alleged that the regulation violated the due process clause, the equal protection clause, the Sherman Act, and Puerto Rico negligence law. Each of these claims was dismissed by the district court.

interstate commerce clause does not apply to the Commonwealth,[2] and since res judicata cannot be invoked where a local forum will not recognize a particular cause of action, the court concluded that Garcia should not be barred from seeking relief in a federal forum. In the alternative, the court stated that even if res judicata did apply, Puerto Rico law would make an exception to the doctrine here due to the important public policy question of whether the commerce clause applies to the Commonwealth. *See, e.g., Futura Development Corp. v. Centex Corp.,* 761 F.2d 33, 45–46 (1st Cir.) (noting existence of public policy exception to res judicata under Puerto Rico law), *cert. denied,* 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 121 (1985). Based on these two alternative rationales, the district court entered an order granting Garcia a preliminary injunction on May 23, 1988.

On June 7, 1988, the Secretary filed a Motion Requesting Stay of Execution of Preliminary Injunction under Fed.R.Civ.P. 62 and a Motion for Reconsideration under Fed.R.Civ.P. 60. The defendant alleged that the district court had committed error by misconstruing Puerto Rico law and by entering an improper injunction. The district court denied the defendant's motions on June 8, 1988 and this appeal followed.

## II. PROPRIETY OF THE PRELIMINARY INJUNCTION

■ As both parties to this appeal agree, to reverse an entry of a preliminary injunction, we must find either an abuse of discretion or a clear error of law. *See Collazo Rivera v. Torres Gaztambide,* 812 F.2d 258, 259 (1st Cir.1987); *Foxboro Co. v. Arabian American Oil Co.,* 805 F.2d 34, 36 (1st Cir.1986); *Jimenez Fuentes v. Torres Gaztambide,* 807 F.2d 236, 239 (1st Cir.1986) (en banc), *cert. denied,* 481 U.S. 1014, 107 S.Ct. 1888, 95 L.Ed.2d 496 (1987); *Planned Parenthood League of Massachusetts v. Bellotti,* 641 F.2d 1006, 1009

(1st Cir.1981). On appeal, defendant-appellant alleges that the district court erred by: (1) misconstruing Puerto Rico law regarding both the applicability of the commerce clause to the Commonwealth and the public policy exception to res judicata, (2) issuing an injunction in violation of the Anti–Injunction Act, and (3) improperly reviewing a final decision of a Puerto Rico court. Because we believe that the district court has made a clear error of law by issuing an injunction that transgresses the prohibitions of the Anti–Injunction Act, we proceed first to that issue.

The Anti–Injunction Act (the Act), 28 U.S.C. § 2283, and its statutory predecessors were designed to reduce " 'needless friction between state and federal courts' " by prohibiting federal courts from enjoining all but a few state-court proceedings. *Mitchum v. Foster,* 407 U.S. 225, 232–33, 92 S.Ct. 2151, 2156–57, 32 L.Ed.2d 705 (1972) (quoting *Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co.,* 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 447 (1939)); *see also NLRB v. Underwood Machinery Co.,* 198 F.2d 93, 95–96 (1st Cir.1952) (noting federal courts should interfere with state-court proceedings only sparingly). The Act provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The Act thus constitutes "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970); *see Amalgamated Clothing Workers of America v. Richman Bros.,* 348 U.S. 511, 515–16, 75 S.Ct. 452, 455–56, 99 L.Ed. 600 (1955).

In the case at bar, the district court entered an order enjoining the Secretary of Agriculture of Puerto Rico from enforcing

---

**2.** *Compare R.C.A. v. Government of the Capital,* 91 P.R.R. 404, 418 (1964) (suggesting that historically the commerce clause has not applied to Puerto Rico) *with Carrier Corp. v. Perez,* 677

F.2d 162, 164–65 (1st Cir.1982) (stating *R.C.A.* case does *not* hold that the interstate commerce clause is inapplicable to the Commonwealth).

Regulation No. 13. This injunction is in direct conflict with the earlier injunction, granted in the Ponce case and affirmed by the Supreme Court of Puerto Rico, barring Garcia from repackaging sugar until he procures the appropriate license. Appellant contends that such a collision between federal and local injunctions is contrary to the Act.

■ In defense of the injunction, plaintiff-appellee appears to argue that the district court injunction did not stay a state-court proceeding. He contends that the relief granted in the Ponce case was purely declaratory and that upon entry of judgment the proceeding was concluded. In other words, he claims that the district court injunction did not stay a state-court proceeding, as prohibited in the Act, it merely nullified the effects of a state-court judgment. We disagree for two reasons. First, the complaint in the Ponce case requested only injunctive relief and the judgment of the court imposed only injunctive relief. The Ponce court stated in its judgment:

> Defendants Toribio Garcia and S.M. Chicky, Inc. are hereby *barred* from engaging in the business of repacking refined sugar imported for industrial purposes without giving strict compliance to the provisions of Regulation Number Thirteen (13), they should suspend the aforestated operations as of the date this judgment is signed. It is further decided that pursuant to letter E of Article III of the Regulation, co-defendants need a license issued by the Honorable Secretary of Agriculture of Puerto Rico for the distribution or sale in the local market for purposes other than industrial. Likewise it is provided that pursuant to letter D of Article VI of Regulation Number Thirteen (13), it is illegal to repack, for direct sales to consumers, refine [sic] sugar imported for industrial purposes.

*Sugar Corp. of Puerto Rico v. Garcia,* No. CS85–1899, slip op. at 19–20 (Superior Court of Puerto Rico, Ponce Pt. Nov. 29, 1985) (emphasis added). The injunctive nature of this order is plain. And as the Supreme Court has repeatedly held, state-court proceedings are not concluded by the issuance of an injunction. *See County of*

*Imperial v. Munoz,* 449 U.S. 54, 59, 101 S.Ct. 289, 292, 66 L.Ed.2d 258 (1980); *Atlantic Coast Line R.R.,* 398 U.S. at 287–88, 90 S.Ct. at 1743–44. At least insofar as the Act is concerned, then, injunctions are viewed as state-court proceedings as long as they are in effect.

■ Second, even assuming, *arguendo,* that the Ponce case did not grant injunctive relief, appellee's argument is nonetheless unavailing. The district court injunction would still stay the proceedings of a state court. The term "proceedings" in the Act has been given a very expansive definition by the Supreme Court:

> That term is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process. It applies to appellate as well as original proceedings; and is independent of the doctrine of *res judicata.* It applies alike to action by the court and by its ministerial officers; *applies not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective.*

*Hill v. Martin,* 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293 (1935) (emphasis added) (footnotes omitted); *see also Gloucester Marine Rys. Corp. v. Charles Parisi Inc.,* 848 F.2d 12, 15 (1st Cir.1988) (noting same definition). Even in non-injunctive cases, federal courts may not issue an injunction that blocks the "utilization of the results of a completed state proceeding." *Atlantic Coast Line R.R.,* 398 U.S. at 287, 90 S.Ct. at 1743; *see County of Imperial,* 449 U.S. at 58–59, 101 S.Ct. at 292–93; *Becker v. Evans,* 496 F.Supp. 20, 20–21 (M.D.Pa.1980) (attempt to enjoin enforcement of state judgment for back wages transgresses the Act); *Garrett v. Hoffman,* 441 F.Supp. 1151, 1157–58 (E.D.Pa. 1977) (enjoining enforcement of state garnishment judgment would violate the Act); *see also Jennings v. Boenning & Co.,* 482 F.2d 1128, 1135 n. 7 (3d Cir.) (assuming but not deciding that an injunction against the execution of a state judgment is an injunction against a state-court proceeding), *cert. denied,* 414 U.S. 1025, 94 S.Ct. 450, 38

L.Ed.2d 316 (1973). Thus, whether the Ponce judgment is viewed as injunctive or not, the district court's injunction is still invalid under the Act.

■ Appellee offers one further argument in his attempt to circumvent the Anti-Injunction Act. He contends that since the Ponce judgment—the judgment affirmed by the Puerto Rico supreme court —was brought by the Sugar Corporation and did not involve the present defendant, the Secretary of Agriculture, the Act should not apply. While it is true that the Act does not prohibit *third parties* from seeking to enjoin a state proceeding with a federal injunction, *see Hale v. Bimco Trading, Inc.*, 306 U.S. 375, 377–78, 59 S.Ct. 526, 527, 83 L.Ed. 771 (1939); *Hill v. Martin*, 296 U.S. at 403, 56 S.Ct. at 282, the precedents establish that a person may take advantage of this exception only if he is *a stranger* to the state proceedings. *See County of Imperial*, 449 U.S. at 58–60, 101 S.Ct. at 292–93; 17 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 4222, at 509 & n. 27 (2d ed. 1988). Garcia is no stranger to the actions involved here. He was a party in both the Ponce case and the present action, and, therefore, he cannot escape the strictures of the Act. *See id.*

Nor do any of the three statutory exceptions to the Act apply. First, we have not found, nor has plaintiff supplied, any statutory provision that expressly authorizes the issuance of an injunction in cases such as this. While 42 U.S.C. § 1983 cases, for example, come under the "expressly authorized by Act of Congress" exception, 28 U.S.C. § 2283, appellee's request for an injunction is not grounded on a similar statutory footing.[3] *See Mitchum*, 407 U.S. at 228–43, 92 S.Ct. at 2154–62 (noting § 1983 is an exception to the Act); 17 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 4224, at 520–28 (2d ed. 1988) (outlining statutory exceptions). Regardless of the constitutional nature of the wrong or the intensity of the harm, unless some statute allows for the issuance of an injunction to enjoin state-court proceedings, the injunction may not be deemed "expressly authorized by Act of Congress." *See Mitchum*, 407 U.S. at 229, 92 S.Ct. at 2155 (Act prohibits injunctions "regardless of how extraordinary the particular circumstances may be"); *Ferrer Delgado v. Sylvia de Jesus*, 440 F.Supp. 979, 981–82 (D.P.R. 1976).

■ Second, the injunction in this case cannot be considered "necessary in aid of its [the district court's] jurisdiction," 28 U.S.C. § 2283, simply because it involves a federal question. Typically, this exception has been applied in either in rem proceedings, *see, e.g., Vendo Corp. v. Lektro-Vend Corp.*, 433 U.S. 623, 641–42, 97 S.Ct. 2881, 2892–93, 53 L.Ed.2d 1009 (1977); *James v. Bellotti*, 733 F.2d 989, 993 (1st Cir.1984), or in cases where a state-court proceeding would interfere with ongoing federal oversight of a case. In school desegregation cases, for example, where a federal court's jurisdiction continues until desegregation is achieved, courts have allowed federal injunctions to stay state proceedings that would interfere with this jurisdiction. *See Swann v. Charlotte–Mecklenburg Bd. of Educ.*, 501 F.2d 383, 384 (4th Cir.1974); *Oliver v. Kalamazoo Bd. of Educ.*, 510 F.Supp. 1104, 1107–08 (W.D. Mich.1981).

The case at bar is neither an in rem action nor is there any ongoing federal jurisdiction that demands protection. Moreover, in another commerce clause case, the Supreme Court implicitly rejected the possibility that raising a commerce clause claim will bring an injunction under this exception. In *County of Imperial v. Munoz*, the plaintiffs argued that "the District Court was not barred from entering a declaratory judgment, that a declaratory judgment unsupported by an injunction would be a nullity, and that therefore an injunction was necessary 'in aid of' the District Court's subject matter jurisdiction over Commerce Clause questions." 449

---

3. We assume without deciding that the district court correctly held § 1983 to be unavailable as a statutory source of relief in commerce clause cases. *See, e.g., Consolidated Freightways Corp. v. Kassel*, 730 F.2d 1139, 1142–47 (8th Cir.) (discussing purposes of § 1983 and concluding the section is not applicable in commerce clause cases), *cert. denied*, 469 U.S. 834, 105 S.Ct. 126, 83 L.Ed.2d 68 (1984).

U.S. at 60 n. 4, 101 S.Ct. at 293 n. 4. In rejecting this argument, the Court reasoned that it "prove[d] too much, since by its reasoning the exception, and not the rule, would always apply." *Id.* Allowing an injunction to issue whenever a commerce clause claim is raised would have a similar effect. *See Atlantic Coast Line R.R.,* 398 U.S. at 294, 90 S.Ct. at 1747 (federal court cannot "enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear"); *H.J. Heinz & Co. v. Owens,* 189 F.2d 505, 507–09 (9th Cir.1951) (noting that exception does not apply even in areas of *exclusive* federal jurisdiction), *cert. denied,* 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677 (1952); *see also* 17 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 4225, at 534–35 (2d ed. 1988) ("The 'necessary in aid of its jurisdiction' exception does not allow a federal court to enjoin state proceedings merely because they involve issues presented in a federal in personam action.").

The "protect or effectuate its judgemnt" exception, the final exception under the Act, is likewise unavailable. This exception applies where a federal court has entered a judgment deciding certain issues or claims and then a state court attempts either to rehear those contentions or to block the effect of the earlier federal-court judgment. *See International Ass'n of Machinists & Aerospace Workers v. Nix,* 512 F.2d 125, 128–30 (5th Cir.1975) (exception may be used to stop a state court's reconsideration of issues decided by federal court); *Doe v. Ceci,* 517 F.2d 1203, 1206–07 (7th Cir.1975) (injunction may issue to block state-court injunction that prevents parties from complying with earlier federal-court order). It is primarily designed to avoid unnecessary relitigation of matters previously decided in the federal forum. *See Nix,* 512 F.2d at 128–30; 1A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice: Jurisdiction,* ¶ 0.208a[3] (2d ed. 1987) (collecting cases). In this case, there was no federal action prior to the Commonwealth proceeding. Since the Commonwealth litigation was concluded before any federal determinations were made, the injunction was not necessary either to prevent relitigation of matters already decided or to protect a judgment previously entered by a federal court.

## III. CONCLUSION

We do not reach the more difficult question of whether res judicata bars this action. Since the application of this doctrine is determined by local law, resolving its effect would require a detailed exploration of Puerto Rico law. We choose not to undertake such a venture at this time.

Nor do we see any point in deciding whether the injunction in this case constituted an improper reversal of a decision of the Supreme Court of Puerto Rico.

For the reasons stated the Anti–Injunction Act applies; the decision of the district court is reversed and the preliminary injunction vacated.

So ordered.

Costs to appellants.