Carol MURPHY, Plaintiff

v.

Judge Christine FOSTER, Defendant

Heidi Frasca and John Frasca, Plaintiffs

v.

Judge Christine Foster, Defendant

Jaime L. Frasca, Jordan M. Frasca and John Corey Frasca, Plaintiffs

v.

Judge Christine Foster, Defendant.

Nos. 07–mc–118–P–H, 07–mc–119–P–H, 07–mc–120–P–H.

United States District Court, D. Maine.

Oct. 23, 2007.

Carol Murphy, New Sharon, ME, Pro se.

## ORDER TO SHOW CAUSE

D. BROCK HORNBY, District Judge.

A fee of $350 is required to begin a regular civil case in federal court. 28 U.S.C. § 1914(a). The Clerk's Office has accepted for filing these three factually related cases [1] and has opened them under the Miscellaneous category, therefore accepting the lower filing fee of $39. (In one of the cases, Case No. 07mc 119, I permitted *in forma pauperis* status, which allows filing without payment of fees.)

In truth, I cannot determine what these three proceedings are. All the plaintiffs have elected to proceed without a lawyer.

---

1. All three cases are prompted by state court proceedings under Maine's Animal Welfare Act, 17 M.R.S.A. §§ 1001 *et seq.* (2006). The State has seized animals and property being operated as J'aime Kennels. Case No. 07mc 118 is brought by Carol A. Murphy who states that she had already purchased some of the animals seized, has bills of sale, wants to obtain the animals she purchased, and has been ignored by state officials; Case No. 07mc119 is brought by Heidi and John Fras-ca, who state that they are the owners of animals, personal property, and real estate seized; Case No. 07mc120 is brought by Jaime L. Frasca, Jordan M. Frasca, and John Corey Frasca, who state that they are the adult children of Heidi and John Frasca and that they are the rightful owners of some of the animals and other personal property seized. Jaime L. and John Corey Frasca also state that they were present at a preceding search to which the plaintiffs object.

The Federal Rules of Civil Procedure provide: "A civil action is commenced by filing a complaint with the court." Fed. R.Civ.P. 3. None of the plaintiffs has filed a complaint.

What they have filed is captioned in each case:

### EMERGENCY WRIT OF REPLEVIN And EMERGENCY WRIT OF PROHIBITION

■ Fed.R.Civ.P. 64 does make certain remedies, such as replevin, available in federal court. But the Rule applies "[a]t the commencement of and during the course of an *action.*" *Id.* (emphasis added). As I have already noted, a civil "action" is filed by filing a complaint, something that these plaintiffs have not done. Thus, Rule 64 does not permit their motions.

Nevertheless, the plaintiffs request that I treat them as *pro se* litigants and that I not hold them to the stringent standards required of lawyers, and

if they have requested the wrong relief, they respectfully request the Court/Your Honor to treat their pleadings as if they had requested the proper relief. If they have failed to include the proper allegations, they respectfully request the Court/Your Honor to construe their pleadings as if they had. Request for Emergency Writs, Case No. 07mc 118, at 1 of 11; Case No. 07mc 119, at 1 of 34; Case No. 07mc 120, at 1 of 14. I cannot supply missing factual allegations under this standard, but I can and do interpret liberally what they have alleged in order to determine whether it meets the necessary standards for the relief that they have requested or similar relief.

1. I do not see under the Federal Rules of Civil Procedure how the plaintiffs can pursue their federal requests for re-plevin or prohibition without a complaint and the necessary filing fee of $350 (except in Case No. 07mc 119 where I have permitted the plaintiffs to proceed without payment because of their claimed financial status).

If what they have filed is to be treated as a complaint (pursuant to their request for a liberal reading), then they must pay the full filing fee, and must serve process upon the defendant in accordance with the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 4. Then they must file a return of process demonstrating that proper service has occurred. *Id.* I see nothing in the docket to reveal that any of that has occurred in any of these three cases.

2. The plaintiffs describe their requests as "Emergency." Even where there is an emergency, a defendant is entitled to notice of the request and to see the filed papers unless the plaintiffs provide reasons why notice to the defendant should not be required. (For the types of relief these plaintiffs appear to be seeking concerning seizure of property, Federal Rule of Civil Procedure 64 and Local Rule 64 incorporate state rules. Maine Rules of Civil Procedure 4A and 4B deal with attachment and trustee process respectively; and Maine Rule of Civil Procedure 64 deals with replevin.) These plaintiffs have not provided any such reasons. Thus, there is no basis for any action on their emergency request in this federal court until the defendant has received notice of what is being requested in this court and an opportunity to respond. If it is demonstrated that the defendant does have notice, then the Federal and Local Rules establish deadlines for response. The court can consider setting an earlier deadline for a response, if the plaintiffs make a request for expedited relief, and justify the request. None of this has occurred.

3. Finally, I bring to the plaintiffs' attention the following federal statute, the Anti–Injunction Act. The plaintiffs have named as the sole defendant in each case a state district judge sitting in the Maine District Court in Biddeford. The Anti–Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The Act establishes "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *Garcia v. Bauza–Salas*, 862 F.2d 905, 907 (1st Cir.1988). The term "proceedings" is comprehensive, including:

> all steps taken or which may be taken in the state court ... from the institution to the close of the final process. It applies to appellate as well as to original proceedings ...; [and it] applies not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective.

*Hill v. Martin*, 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293 (1935); *Garcia*, 862 F.2d at 908. The Act applies to specific requests for an injunction, as well as other requests for remedies that would decide, preempt, or "prevent utilization of the results" of state proceedings. *See Atlantic Coast Line R.R. Co.*, 398 U.S. at 287, 90

S.Ct. 1739; *Gloucester Marine Rys. Corp. v. Charles Parisi Inc.*, 848 F.2d 12, 15 (1st Cir.1988); 17A *Moore's Federal Practice* § 121.03 (2006).

In these cases, the plaintiffs are asking me to order State District Judge Christine Foster to do certain things concerning their animals or their claims to animals and (for some of the plaintiffs) their real estate or other personal property. They seek my intervention because they are unhappy with the decisions that Judge Foster (and state officials and a state judge preceding her) made in connection with state proceedings (they refer to Biddeford District docket number 07–SW–35) under Maine's Animal Welfare Act, 17 M.R.S.A. §§ 1001 *et seq.* (2006), concerning the kennel they have operated, J'aime Kennels:

> We are asking that the United States District Court provide a Writ of Prohibition to stop Judge Christine Foster from giving away our legally owned property to the State, and we are asking that the United States District Court provide a Writ of Replevin so that we may regain possession of the dogs and other property legally owned by us that was taken in the Jaime Kennel racketeering raid.

Case No. 07mc 119, at 6 of 34.[2] Replevin and Prohibition both would be, in effect, injunctions against this state judge in the course of her handling those state proceedings.

The latest filing in Case No. 07mc 119 shows that some of the plaintiffs have appealed Judge Foster's Order to the Maine Law Court, thereby demonstrating that these state proceedings are ongoing. Given the Anti–Injunction Act, I do not see

---

**2.** Whatever this document is, there is a problem with its page numbering. At the bottom of the first group of pages, each page is numbered as a page "of 34" pages. After page 11, however, it jumps to "Page 9 of 14" and then there are no more pages. However, the document appears to be complete. The other two cases seek comparable relief to that requested in Case No. 07mc 119, partly adjusted to reflect the plaintiffs' different relationship to the property.

how any relief of the sort the various plaintiffs request can be available to them in federal court. (The Supreme Court case that they cite, *United States v. James Daniel Good Real Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), did not involve an injunction against state court proceedings.) And I do not see how their pleadings would justify any alternative, similar, relief against the state judge in this federal court. The plaintiffs who are parties to the state court proceeding may pursue, as they apparently are pursuing, their rights of appeal within the state court system. *See Atlantic Coast Line R.R. Co.,* 398 U.S. at 287, 90 S.Ct. 1739 ("Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court."). It is not appropriate for me to advise the other plaintiffs what, if any, recourse they might have.

Accordingly, the plaintiffs in each case shall:

(1) show cause within thirty (30) days why their proceedings should not be treated as civil cases under the Federal Rules requiring payment of the full filing fee (except for Case No. 07mc 119 where I have permitted *in forma pauperis* status) and be subject to dismissal or striking if they fail to pay the full fees.

(2) if they continue to seek emergency relief, either with or without notice to the defendant, make the required demonstrations (varying according to whether they are proceeding with notice or without notice) that would justify such treatment under the Rules I have described.

However, I do emphasize once again the Anti–Injunction Act to the plaintiffs. They may decide (it is their choice at this stage) that their money and efforts would be better spent in the pending state proceedings or in other state proceedings, in light of the statutory limitations on federal court authority. After all, if the Anti–Injunction Act does apply, the cases ultimately will be subject to dismissal upon proper motion by the defendant.

So Ordered.