COUNTY OF IMPERIAL, CALIFORNIA, ET AL. *v.*
MUNOZ ET AL.

No. 79–1003.   Argued October 15, 1980—Decided December 2, 1980

Stewart, J., delivered the opinion of the Court, in which Burger, C. J., and White, Powell, and Rehnquist, JJ., joined. Powell, J., filed a concurring opinion, *post*, p. 60. Blackmun, J., filed an opinion concurring in the result, *post*, p. 61. Brennan, J., filed a dissenting opinion, in which Stevens, J., joined, *post*, p. 62. Marshall, J., filed a dissenting statement, *post*, p. 63.

*James H. Harmon* argued the cause and filed briefs for petitioners.

*William H. Kronberger, Jr.,* argued the cause for respondents. With him on the briefs was *Murry Luftig.**

Justice Stewart delivered the opinion of the Court.

The Anti-Injunction Act, 28 U. S. C. § 2283, provides:

> "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

This case presents issues respecting the scope of that Act.

## I

In 1972, Donald C. McDougal bought from W. Erle Simpson a tract of land in Imperial County, Cal. Although the

---

*\*Donald McDougal, Jr.,* filed a brief for Donald C. McDougal as *amicus curiae.*

tract was in a residential subdivision, the county's zoning ordinance allowed the tract's owner to develop its natural resources if he could obtain a conditional-use permit. With the land, McDougal acquired such a permit, which allowed him to sell well water on the condition that it be sold only for use within the county. Simpson had never challenged that condition, nor had he ever sold much water from his well. Like Simpson, McDougal did not challenge the condition, but he did sell a good deal of water, and he sold some of it for use outside the county. McDougal's neighbors grew irritated by the many trucks carrying water from McDougal's premises, and they complained to the county. The county sought to vindicate its zoning ordinance and permit by asking a California Superior Court for injunctive and declaratory relief that would prohibit McDougal from selling water for consumption outside the county.

The state trial court enjoined McDougal from "conducting a trucking operation on the premises similar to that which occurred commencing on or about June 30, 1972." [1] On appeal to the California Supreme Court, McDougal argued that the permit's geographic restriction was invalid. The state appellate court declined to reach that argument, since "a landowner or his successor in title is barred from challenging a condition imposed upon the granting of a special permit if he has acquiesced therein by either specifically agreeing to the condition or failing to challenge its validity, and accepted the benefits afforded by the permit." *County of Imperial* v. *McDougal*, 19 Cal. 3d 505, 510–511, 564 P. 2d 14, 18. The California Supreme Court thus affirmed the Superior Court's decision that the sale of water outside the county violated the ordinance, although it reversed the Superior Court's finding that the frequent truck traffic at McDougal's premises violated the zoning ordinance. McDougal appealed that

---

[1] The state trial court opinion is unreported.

judgment to this Court, which dismissed his appeal for want of a substantial federal question.    434 U. S. 944.

The respondents in this case are Mexican merchants: Respondent Munoz has a contract with McDougal to be his broker in arranging sales of water to Mexico; respondents Martinez and De Leon have agreed to purchase McDougal's water for consumption in Mexico.  Although none of the respondents was a named party to the suit against McDougal in the state courts, all of them were interested and—to an undetermined degree—involved in it, and Munoz participated as *amicus curiae* before the California Supreme Court.  Twelve days after that court had denied McDougal's petition for rehearing, and even before this Court had dismissed his appeal, the respondents initiated the present litigation by filing in the United States District Court for the Southern District of California a complaint seeking declaratory and injunctive relief to prevent the County of Imperial from enforcing the terms of McDougal's conditional permit.  They argued in the District Court that those terms violated the Commerce Clause of the Constitution.  Art. I, § 8, cl. 3.  The District Court concluded that respondents would suffer irreparable harm were there no injunction, and that they would probably succeed on the merits.  Accordingly, the court issued a preliminary injunction restraining the county "from enforcing the restriction in the use permit which prohibits sale of water for use outside Imperial County." [2]

Some months later, the California Superior Court ordered McDougal to show cause why he should not be held guilty of contempt for violating the court's injunction by selling water for use outside the county.  After proceedings in which the county participated, he was found guilty of contempt and again ordered to cease selling water for use outside of Imperial County.  That order was stayed, however, pending

---

[2] The District Court opinion is unreported.

the outcome of the county's appeal of the federal trial court's order to the United States Court of Appeals for the Ninth Circuit. Subsequently, the Court of Appeals affirmed the District Court's order of preliminary injunction, 604 F. 2d 1174, and this Court granted the county's petition for a writ of certiorari. 445 U. S. 903.

## II

The county has maintained throughout the present litigation that the Anti-Injunction Act operates to prohibit the District Court from enjoining it from enforcing the terms of McDougal's permit. In rejecting that argument, the District Court cited *Hale* v. *Bimco Trading, Inc.,* 306 U. S. 375, and said that "this court may, if otherwise appropriate, restrain the operation of an unconstitutional statute; surely it does not lose the right to do so merely because the statute has been tested in the state courts." In reaching the same conclusion, the Court of Appeals reasoned that the state trial court proceedings had terminated, and that the injunction, therefore, did not violate the rule that the Act cannot be evaded by addressing a federal injunction to the parties rather than to the state court. It also agreed with the District Court that, under the *Hale* case, "third parties are not barred under the Anti-Injunction Act from challenging a statute on federal constitutional grounds when the statute is also under litigation in the state courts." 604 F. 2d, at 1176.

In our view the threshold reasoning of the Court of Appeals disregarded the teaching of this Court's opinion in *Atlantic Coast Line R. Co.* v. *Locomotive Engineers,* 398 U. S. 281. In that case, the railroad had secured a state-court injunction prohibiting the union from picketing a railroad facility. Two years later, the union tried but failed to convince the state court to dissolve the injunction in light of an intervening decision of this Court. The union did not appeal that decision, but instead persuaded a federal court

to enjoin the railroad "from giving effect to or availing [it-self] of the benefits of" the state-court injunction. *Id.*, at 287. This Court held that "although this federal injunction is in terms directed only at the railroad it is an injunction 'to stay proceedings in a State court.'" *Ibid.* The view of the Court of Appeals in the present case that after a state court has entered an injunction, its proceedings are concluded for the purposes of the Anti-Injunction Act was thus contrary to the square holding of the *Atlantic Coast Line* case.

The Court of Appeals' final reason (and the District Court's only reason) for finding the Act inapplicable was this Court's decision in *Hale* v. *Bimco Trading, Inc., supra.* There, a cement company had secured from a state court a writ of mandamus ordering the state road department to enforce a statute requiring the inspection of cement imported into the State. Bimco Trading, Inc., subsequently obtained a federal-court injunction restraining the road department from enforcing the statute. This Court held that 28 U. S. C. § 379 (1934 ed.)—the predecessor of the current Anti-Injunction Act—did not bar the federal injunction, since to hold otherwise would have been to

> "assert that a successful mandamus proceeding in a state court against state officials to enforce a challenged statute, bars injunctive relief in a United States district court against enforcement of the statute by state officials at the suit of strangers to the state court proceedings. This assumes that the mandamus proceeding bound the independent suitor in the federal court as though he were a party to the litigation in the state court. This, of course, is not so." 306 U. S., at 377–378.

Neither the District Court nor the Court of Appeals addressed the question whether respondents in this case were "strangers to the state court proceeding" who were not bound "as though [they were parties] to the litigation in the state

court." [3]   Unless respondents were such "strangers," the injunction they sought was barred by the Act.[4]

Accordingly, the judgment is vacated, and the case is remanded to the Court of Appeals.

*It is so ordered.*

JUSTICE POWELL, concurring.

Although I join the opinion of the Court on the basis of its reading of *Hale* v. *Bimco Trading, Inc.,* 306 U. S. 375 (1939), I record my willingness to reconsider *Hale.* It has rarely been cited and—as the Court reads it today—it creates an

---

[3] The dissenting opinion today rests entirely on the supposition that the Court of Appeals has already decided this question.  That supposition is demonstrably untenable:

The Court of Appeals found that the Anti-Injunction Act was inapplicable, and proceeded to consider the merits of the petitioners' res judicata defense, a defense based upon the judgment in the state litigation.  The court held that the doctrine of res judicata did not in any event apply in the circumstances here presented, and accordingly explicitly declined to consider whether the respondents had been "in privity" with McDougal in the state litigation.  Since the court did not even decide that the respondents had not been in privity with McDougal in the state litigation, it most assuredly could not have decided and did not decide that the respondents were "strangers to the state court proceeding."

[4] The respondents contend that their suit comes within one of the statutory exceptions to the Act.  First, they urge that the "in aid of jurisdiction" exception applies.  They apparently reason that the District Court was not barred from entering a declaratory judgment, that a declaratory judgment unsupported by an injunction would be a nullity, and that therefore an injunction was necessary "in aid of" the District Court's subject-matter jurisdiction over Commerce Clause questions.  This argument proves too much, since by its reasoning the exception, and not the rule, would always apply.  Second, respondents assert that this case falls within the exception to the Act for injunctions "expressly authorized by Act of Congress."  They cite *Mitchum* v. *Foster,* 407 U. S. 225, for the undoubted proposition that suits under 42 U. S. C. § 1983 are within that exception.  This argument cannot prevail, however, for the simple reason that the respondents' complaint did not rely on or even so much as mention § 1983.

exception to the coverage of the Anti-Injunction Act that I think is contrary to the policy of that Act.

JUSTICE BLACKMUN, concurring in the result.

For me, the Court's opinion is somewhat opaque. Perhaps it is intentionally so.

I agree with JUSTICE BRENNAN that respondents were— and were necessarily determined by the Court of Appeals to be—"strangers to the state court proceeding," *post,* at 62, who were not bound by the state-court litigation. No principle of res judicata evoked by the California litigation applies to them.

I join the Court in vacating the Court of Appeals' judgment and remanding the case, however, for I am troubled by that court's apparent misreading of *Atlantic Coast Line R. Co.* v. *Locomotive Engineers,* 398 U. S. 281 (1970), and by its analysis of the effect of the Anti-Injunction Act, 28 U. S. C. § 2283, upon the particular facts of this case.

At the same time, I am disturbed by what seems to me to be the implication of this Court's opinion, namely, that the Anti-Injunction Act does not apply when the state litigation involves different parties. If I am correct that this is the premise, I believe that the Court is indulging in a new exposition of the meaning of *Hale* v. *Bimco Trading, Inc.,* 306 U. S. 375 (1939). The Anti-Injunction Act imposes a flat and positive prohibition. It then allows three exceptions. None of those exceptions is applicable to the situation before us, which involves a single-use restriction on a single parcel of land. The precedent of *Hill* v. *Martin,* 296 U. S. 393, 403 (1935), *Atlantic Coast Line R. Co., supra,* and *Vendo Co.* v. *Lektro-Vend Corp.,* 433 U. S. 623, 630 (1977), supports a conclusion that the Anti-Injunction Act bars the federal court from issuing an injunction against enforcement of this use restriction. Yet, a holding to that effect would not oust the federal court of jurisdiction to order other forms of relief, such as a declaratory judgment. It is worth noting, or so it

appears to me, that the state court has made clear, by its stay of the contempt order, that it will abide by the federal resolution of the constitutional issue.*

The situation presented by this case is an inevitable result of our having two independent judicial systems. The Anti-Injunction Act cannot eliminate all conflicts, and was not so intended. It precludes federal injunctions that interfere with state proceedings. Heretofore, this Court has applied the Act's restrictions strictly. I would expect that approach to be continued.

JUSTICE BRENNAN, with whom JUSTICE STEVENS joins, dissenting.

To vacate and remand to the Court of Appeals to determine whether respondents were "strangers to the state court proceeding" within the meaning of *Hale* v. *Bimco Trading, Inc.*, 306 U. S. 375, 377–378 (1939), is to require the Court of Appeals to perform a task it undoubtedly has already performed. The Court of Appeals concluded that respondents' lawsuit did not contravene the Anti-Injunction Act, 28 U. S. C. § 2283, and relied on *Hale* as a basis for its conclusion. Necessarily implicit in that conclusion was the court's judgment that the *Hale* test had in all pertinent respects been satisfied and that, accordingly, respondents were "strangers to the state court proceeding." [1]

The Court identifies nothing in the record to support a conclusion that respondents were not "strangers to the state court proceeding," apart, perhaps, from respondent Munoz' participation as *amicus curiae* before the California Supreme

---

*Hale* v. *Bimco Trading, Inc.*, 306 U. S. 375 (1939), is distinguishable, for that case involved an attack on a state statute and a complete legislative scheme that was being applied to many parties in many different circumstances. That situation differs significantly from the particularized use restriction with which the present litigation is concerned.

[1] The District Court similarly concluded that *Hale* v. *Bimco Trading, Inc.*, did not bar the instant lawsuit and thus necessarily also found that respondents were "strangers to the state court proceeding."

Court. Even if *amicus* status were sufficient to require Munoz' withdrawal as a party,[2] it is undisputed that neither respondent Martinez nor respondent De Leon played any role in the state-court litigation. The Court's statement that "all of [the respondents] were interested and—to an undetermined degree—involved in it," *ante,* at 57, is, therefore, unfounded.[3]

Under these circumstances, to require the Court of Appeals to find—yet again—that respondents were "strangers to the state court proceeding" is an unnecessary waste of judicial resources. Accordingly, I dissent from the remand and would affirm.

JUSTICE MARSHALL also dissents but would dismiss the writ as improvidently granted.

---

[2] The language of *Hale* quoted by the Court, *ante,* at 59, suggests that *amicus* status does not impair one's standing as a "stranger," since the Court contrasted an "independent suitor in the federal court" with "a party to the litigation in the state court." 306 U. S., at 378. Munoz clearly was not such a party.

[3] The District Court stated:

"But the plaintiffs herein have no common property interest with McDougal. At issue in the state proceeding was McDougal's use permit; the use permit is a part of the land and runs with the land, as the California Supreme Court expressly held. The plaintiffs have no property interest in McDougal's land or in his use permit. Their interest is in the steps taken by the County to enforce what they perceive as an unconstitutional ordinance. Therefore, since the property interest which was litigated in the state courts was exclusively McDougal's and not the plaintiffs', it must follow that the plaintiffs were not in privity with McDougal and his state court judgment does not bar them from proceeding with this lawsuit." App. to Pet. for Cert. B–5.

While it is true, as the Court notes, *ante,* at 60, n. 3, that the Court of Appeals, unlike the District Court, "declined to consider whether the respondents had been 'in privity' with McDougal in the state litigation," that refusal has no bearing on the disposition of petitioners' Anti-Injunction Act claim. With respect to that claim, the court necessarily found that respondents were "strangers to the state court proceeding," and its disposition of the res judicata claim on a ground other than privity is irrelevant.