**INVESTORS CAPITAL CORP., et al.,**

v.

**CONNECTICUT NATIONAL BANK.**

Civ. No. 2:92cv00873 (PCD).

United States District Court,
D. Connecticut.

June 7, 1993.

Richard P. Weinstein, Weinstein & Wisser, P.C., West Hartford, CT, for plaintiffs.

### RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Plaintiffs seeks a declaration that Conn. Gen.Stat. § 52–278f, and § 52–278n(c) when applied in conjunction with § 52–278f, are unconstitutional. Defendant moves to dismiss.

### I. *Facts*

Defendant CNB sued plaintiffs ("ICC") in state court to collect on promissory notes. In that action (the "prior action"), the state court ordered a prejudgment remedy without notice or hearing, pursuant to Conn.Gen.Stat. § 52–278f, which permits waiver of notice and hearing on prejudgment remedies in commercial transactions. ICC was also ordered to disclose its assets pursuant to Conn. Gen.Stat. § 52–278n(c). Ultimately a default judgment entered against ICC and was upheld by the state Appellate Court. The facts are more fully stated in the Appellate Court's opinion. *See Connecticut National Bank v. Investors Capital Corp.,* 29 Conn.App. 48, 613 A.2d 1370, *appeal denied,* 224 Conn. 902, 615 A.2d 1044 (1992).

Plaintiffs then filed this action, seeking a declaration that §§ 52–278f and 52–278n(c) are unconstitutional.

### II. *Discussion*

A motion to dismiss under Rule 12(b)(6) must be decided solely on the facts alleged. *Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985). Such a motion should be granted only where no set of facts consistent with the allegations could be proven entitling plaintiffs to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The issue is not whether plaintiffs will prevail, but whether they should be afforded the opportunity to offer evidence to prove their claims. *Id.*

Defendant argues that there is no case or controversy, as plaintiffs in their complaint allege only that events in the prior action violated their constitutional rights. Because a final judgment has entered in the prior action, defendant argues, the rights of the parties have been resolved and there is no remaining controversy. Plaintiffs do not dispute that the prior actions resolved the issue of defendant's right to a judgment. Nor do they challenge the Connecticut court's jurisdiction to have entered such a judgment. Plaintiffs argue, however, that a controversy still exists because enforcement of that judgment will necessitate further state court proceedings, which will violate plaintiffs' constitutional rights. Plaintiffs make no such allegation in their complaint; however, as the complaint may be so amended, the issues raised by that claim will be addressed.

The federal Anti–Injunction Act provides;

> A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The Act encompasses not only injunctions but also declaratory judgments that have the same practical impact as a formal injunction or that result in equally improper interference with state court proceedings. *McLucas v. Palmer,* 427 F.2d 239, 241 (2d Cir.1970); *see also Samuels v. Mackell,* 401 U.S. 66, 72, 91 S.Ct. 764, 872, 27 L.Ed.2d 688 (1971). Under the Act, "[p]ro-

ceedings in state court should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the U.S. Supreme Court]." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970). The Act applies to state court proceedings to enforce as well as obtain judgments. *Hill v. Martin,* 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293 (1935).

■ Plaintiffs argue that the Act does not apply here because defendant has not yet instituted state court proceedings to enforce the judgment. In the context of federal injunction against state criminal prosecutions, it has been held that the Act does not "preclude injunctions against the institution of state court proceedings, but only [bars] stays of suits already instituted." *Dombrowski v. Pfister,* 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 1120 n. 2, 14 L.Ed.2d 22 (1965). It has been stated that, prior to the institution of state court proceedings, such an injunction is permissible because it operates against the litigants rather than against the state court, *see Ex parte Young,* 209 U.S. 123, 163, 28 S.Ct. 441, 455, 52 L.Ed. 714 (1908); however, enjoining litigants from continuing to prosecute an action already instituted would be equally impermissible under the Act. *Atlantic Coast Line,* 398 U.S. at 287, 90 S.Ct. at 1743.

Here, any action to enforce the state court judgment would be supplemental to the prior action, "a mere continuation of the action already passed into judgment, and in aid of the execution of such judgment." *Mutual Reserve Fund Life Ass'n v. Phelps,* 190 U.S. 147, 159, 23 S.Ct. 707, 710, 47 L.Ed. 987 (1903). Although no enforcement proceedings have yet been commenced, to enjoin their institution (whether by injunction or by declaratory judgment) would be to interrupt the "continuation of the action already passed into judgment," *id.,* precisely the sort of interference with and disruption of state court proceedings that the Act is intended to prevent.

Such an injunction, though it might apply only to the litigants, would be indistinguishable from an injunction against the continued prosecution of an action already instituted, which is clearly impermissible under the Act. For these reasons, the Act prohibits a federal court from enjoining a party "'from giving effect to or availing [itself] of the benefits of'" a state court judgment. *County of Imperial v. Munoz,* 449 U.S. 54, 59, 101 S.Ct. 289, 292, 66 L.Ed.2d 258 (1980), quoting *Atlantic Coast Line,* 398 U.S. at 287, 90 S.Ct. at 1743 (federal court may not enjoin parties from enforcing a state court injunction); *see also Gloucester Marine Rys. Corp. v. Parisi,* 848 F.2d 12, 15 (1st Cir.1988).

■ Plaintiffs also argue that this case falls within the Act's exception allowing injunctions "where necessary in aid of [the federal court's] jurisdiction." Because the federal court has original jurisdiction over claims of constitutional violations, plaintiffs argue, the requested declaratory judgment would be "in aid of its jurisdiction." Even if the Act's exceptions were not strictly construed, *see Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 146, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988), plaintiffs' argument fails. The mere existence of a federal question is clearly insufficient for the exception to apply. A declaratory judgment would not aid this court's jurisdiction but would provide a decision as to plaintiff's claim. This claim of plaintiff's is circular, merely self-serving and without merit.

Finally, plaintiffs argue that the Act should not be interpreted to render them without remedy for their alleged constitutional deprivations. Nothing, however, prevented plaintiffs from seeking review of the state court judgment, beyond the Appellate Court, including in the United States Supreme Court. Even now the claim if not previously decided or barred by waiver, may be raised in state court. Their failure to pursue the proper path to federal review of their constitutional claims cannot justify disregard of the Act's clear prohibitions.

### III. *Conclusion*

Defendant's motion to dismiss (document # 4) is granted.

SO ORDERED.