**Gary E. BECK, et al.**

v.

**CKD PRAHA HOLDING, A.S., et al.**

**Civil No. Y–98–761.**

United States District Court,
D. Maryland.

April 1, 1998.

Richard M. Zaroff, Mitchell R. Kulick, New York City, Mitchell J. Rotbert, Washington, DC, for Plaintiffs.

Alison D. Kohler, Towson, MD, Phillips P. O'Shaughnessy, Baltimore, MD, Anna–Marie Christello–Roop, George L. Paul, J. Christian Word, Washington, DC, for Defendants.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

### I.

Plaintiff Gary E. Beck, a resident of California, brings this action individually and derivatively as a minority shareholder of Electric Transport of America, Inc. ("ETA"), a Delaware corporation with its principal place of business in Maryland. The complaint, premised on diversity jurisdiction under 28 U.S.C. § 1332, alleges breach of contract, breach of fiduciary duty, and fraud. The Defendants are CKD Praha Holding, A.S. ("CKD"), a Czech corporation with its principal place of business in Prague, Czech Republic, and various officers or employees of CKD, with two notable exceptions—ETA appears as a nominal Defendant, and Defendant James A. Talley, who is an officer of ETA but who declined to participate in this suit as a Plaintiff, is named as a nominal Defendant.

The complaint alleges that ETA was formed in 1996 as part of a business plan created by Beck and CKD to engage in a Czech–American joint venture for the marketing of transportation equipment and technology possessed by CKD in North America. Beck and Talley were minority shareholders, and CKD was a majority shareholder. A shareholders' agreement was signed which required that certain actions of ETA required unanimous shareholder approval, including, inter alia, disposition of ETA assets and termination of employment agreements between ETA, Beck, and Talley. Plaintiffs allege that the CKD Defendants wrongfully repudiated the employment agreement with Plaintiff, breached their fiduciary duties to ETA and/or committed fraud by misrepresenting ownership of equipment and technology, competing covertly with ETA, withholding equipment, depriving ETA of marketing opportunities, defaulting on financing payments to ETA, opening secret bank accounts, executing wrongful contracts, and dishonoring contractual obligations. At least some of these actions required unanimous shareholder approval, which was allegedly not obtained. Additionally, Plaintiffs allege that CKD, through extortion, forced Defendant Talley to perform some of these wrongful acts. Plaintiffs also allege that the Czech Defendants passed resolutions at an ETA board meeting to repudiate the employment contracts between ETA, Beck and Talley, to declare that ETA was without officers, to permit CKD to conduct ETA's affairs through an agent, and to direct the transfer of ETA's assets to CKD.

On the same day that Beck filed this action, Talley filed suit in the Circuit Court for Baltimore County, Maryland raising substantially the same issues. Talley filed the suit individually and derivatively as a shareholder on behalf of ETA. Beck was invited to participate in the state action, but has declined to do so. Judge Brennan of that court granted a temporary restraining order on March 23, 1998, which effectively "restores" Beck and Talley to their respective officer positions on ETA's board, orders that no withdrawals be made from ETA's NationsBank accounts without unanimous shareholder consent, and effectively preserves the status quo ante. See Def. Talley's Opp., Exh. 1.

Plaintiffs seek a preliminary injunction against all Defendants but ETA and Talley preventing enforcement of the aforementioned ETA "resolutions". Additionally, Plaintiffs seek to enjoin the concurrent state proceeding, and Defendants seek to disqualify Plaintiffs' counsel. The Court held a hearing on the motions on March 30, 1998.

### II.

■ Defendant Talley argues this Court is without subject-matter jurisdiction to entertain this dispute because realignment of the parties by true interest in the litigation destroys complete diversity. Specifically, Talley contends that the Court must consider him a plaintiff, must regard ETA as a defendant, and that this alignment of interests destroys complete diversity because Talley and ETA are considered citizens of Maryland under § 1332.

The Fourth Circuit, in determining whether complete diversity exists among the parties, applies the so-called "principal purpose" test. *USF & G Co. v. A&S Mfg. Co.*, 48 F.3d 131, 132 (4th Cir.1995). Under this test, the Court first determines the primary issue in controversy, and then aligns the parties according to their respective positions on the issue. *Id.* at 133. If the alignment differs from that in the complaint, the Court then determines whether complete diversity exists. *Id.*

The primary issues in this litigation are whether CKD wrongfully terminated Beck and Talley, and wrongfully committed a *de facto* takeover of ETA. Beck and Talley are both officers of the corporation and have suffered the same alleged wrongs at the hands of CKD; accordingly, these two individuals must be considered plaintiffs under *A & S*.

The presence of ETA as a nominal Defendant and indispensable party would seem to destroy complete diversity because ETA maintains its principal place of business in Maryland and is, therefore, a citizen of Maryland for diversity purposes under 28 U.S.C. § 1332. However, the Supreme Court applies a different test in shareholder derivative suits to determine whether a nominal, but indispensable, corporate defendant defeats diversity jurisdiction. The test is whether antagonism exists between the management of the corporation and the shareholder bringing suit; if so, the suit may proceed in federal court. *Doctor v. Harrington*, 196 U.S. 579, 587, 25 S.Ct. 355, 49 L.Ed. 606 (1905). Antagonism exists whenever the parties in control of the corporation defend a course of conduct attacked by the stockholder plaintiff. *Smith v. Sperling*, 354 U.S. 91, 95, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); 13B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3607, at 442–445. Under this test, the nominal corporation is essentially disregarded, and the Court focuses on the parties to the controversy at issue.

In this case, CKD controls ETA as its majority shareholder, and the Court therefore considers CKD to be the management of ETA, notwithstanding the positions held by Beck and Talley. Beck and Talley attack actions as minority shareholders which ETA undertook at CKD's urging. Accordingly, antagonism exists between CKD on the one hand, and Beck and Talley on the other, and diversity jurisdiction is not defeated by the presence of ETA as a nominal Defendant. The Court therefore finds it possesses subject-matter jurisdiction to entertain Plaintiffs' requested relief.

### III.

Plaintiffs request that the Court enjoin the Baltimore County lawsuit. Defendants maintain that the Anti–Injunction Act, 28 U.S.C. § 2283, prevents this Court from doing so.

Section 2283 generally bars federal courts from enjoining state court proceedings, except as expressly authorized by Congress. Further exceptions exist when an injunction is necessary to aid jurisdiction, or to protect or effectuate this Court's judgments. Because the Act serves as "a pillar of federalism reflecting the . . . independence of the states and their courts", federal courts narrowly construe exceptions to the Act's blanket prohibition against such injunctions. *Employers Resource Management Co. v. Shannon*, 65 F.3d 1126, 1130 (4th Cir.1995), *cert. denied*, 516 U.S. 1094, 116 S.Ct. 816, 133 L.Ed.2d 761 (1996). Additionally, the Court must resolve any doubts about the applicability of these exceptions in favor of permitting the state court to proceed. *Id.* at 1133.

Plaintiffs urge that, notwithstanding the Anti–Injunction Act, the Court may enjoin the Baltimore County litigation under the so-called "strangers to the state court proceedings" exclusion from the Act. This exclusion stems from the Supreme Court's decision in *County of Imperial v. Munoz*, 449 U.S. 54, 101 S.Ct. 289, 66 L.Ed.2d 258 (1980), and permits a federal court to enjoin state proceedings when the party seeking the federal injunction is neither privy to the state court proceedings nor a party. *Id.* at 59–60; *Chase Nat'l Bank v. City of Norwalk*, 291 U.S. 431, 441, 54 S.Ct. 475, 78 L.Ed. 894 (1934); *see also, inter alia, United States*

*Steel Corp. Plan for Employee Ins. Benefits v. Musisko,* 885 F.2d 1170, 1178–79 (3rd Cir. 1989).

Although the Fourth Circuit has not specifically discussed this doctrine, other circuits which apply it uniformly hold that the concept of privity utilized in determining whether prior litigation acts as *res judicata* also governs application of the "strangers" doctrine. *Musisko,* 885 F.2d at 1179; *Munoz v. County of Imperial,* 667 F.2d 811, 815 (9th Cir.1982); *Casa Marie, Inc. v. Superior Court of Puerto Rico,* 988 F.2d 252, 265 (1st Cir.1993); *Amalgamated Sugar Co. v. NL Indus., Inc.,* 825 F.2d 634, 640 (2d Cir.1987); *Pelfresne v. Village of Williams Bay,* 865 F.2d 877, 881 (7th Cir.1989). The Fourth Circuit has emphasized that the privity requirement of *res judicata* simply denotes a relationship between the party of record and the non-party close enough to render the latter bound by the prior litigation. *United States v. Manning Coal Corp.,* 977 F.2d 117, 121 (4th Cir.1992) The key inquiry is whether the relationship between the party and the non-party is close enough that the former adequately represents the interests of the latter. *See Amalgamated Sugar,* 825 F.2d at 640–41; *Casa Marie,* 988 F.2d at 265 (considering whether the party was the "virtual representative" of the non-party); *Munoz,* 667 F.2d at 815 (citing *Montana v. United States,* 440 U.S. 147, 154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

Plaintiffs correctly contend that Beck is not a party to the state court action. However, Beck is in sufficient privity with Talley and with ETA to render the doctrine inapplicable to this case. Talley and Beck are both officers and shareholders of ETA. The Defendants' allegedly wrongful actions affect Beck and Talley because the Defendants allegedly purport to terminate the employment contracts of both individuals, and, in effect, to strip them of their officer positions with ETA. Further, Beck and Talley have identical interests in ensuring that the assets of ETA are not transferred without their required consent because of their identical relationship to ETA as officers and minority shareholders. Under these circumstances, the identity of interests between Beck and Talley is virtually identical, creating privity

between them. Accordingly, the Court cannot apply the "strangers" exclusion to the Anti–Injunction Act in this case, and Plaintiffs concede, as they must, that none of the explicit statutory exceptions to the Act apply here. The Court will, therefore, deny the motion to enjoin the concurrent state litigation.

## IV.

Turning to the motion for preliminary injunction as to the CKD Defendants, the Court will abstain from hearing the dispute at this time pending the resolution of the issue before the state court. Although this Court "has a duty to adjudicate a controversy properly before it", *New Beckley Min. Corp. v. International Union, United Mine Workers of Am.,* 946 F.2d 1072, 1073 (4th Cir.1991), under the *Colorado River* abstention doctrine, a federal court facing parallel state proceedings may, in exceptional circumstances, abstain from adjudicating a case. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817–18, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

State proceedings run "parallel" to federal proceedings if substantially the same parties litigate substantially the same issues. *New Beckley,* 946 F.2d at 1073. The facts, as described above, indicate that the proceedings are parallel under the *New Beckley* test. The Defendants in each suit are substantially the same, ETA is named in a derivative capacity in both suits, and an officer of the company is the lead plaintiff in each.

After determining that parallel state and federal actions exist, the Court must consider five factors to determine if exceptional circumstances justify *Colorado River* abstention: the assumption of either court of jurisdiction over property, the inconvenience of the federal forum, the desire to avoid piecemeal litigation, the order in which the courts obtained jurisdiction, and the source of applicable law. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 15–16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *New Beckley,* 946 F.2d at 1074. However, the *Cone* Court has stated that "the decision whether to dismiss a federal action because

of parallel state court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of [federal] jurisdiction." 460 U.S. at 16.

The Court finds that exceptional circumstances exist in this case justifying abstention. First, state, not federal, law governs all aspects of Plaintiffs' claims, giving the state court a substantially greater interest in adjudicating this controversy. More importantly, the existence of parallel state and federal proceedings raises the certainty of piecemeal, duplicative, and wasteful litigation should the Court exercise its jurisdiction. The presence of dual litigation would present severe *res judicata* problems for one court or the other, depending on which one first reached the merits of the controversy. Finally, the state court has taken substantial action in the case by granting a temporary restraining order which grants substantially the same relief to Plaintiffs as they request in this case, and the state forum remains open to pursue a preliminary injunction and to litigate the merits of the suit.

Based upon the foregoing analysis, the Court, though properly vested with diversity jurisdiction, will abstain from exercising its jurisdiction over the case and will direct the Clerk to close this case administratively pending the resolution of the Baltimore County litigation. The Court will deny the motion to enjoin the Baltimore County court proceedings, and will deny as moot the motion for preliminary injunction against the CKD Defendants. This disposition also renders Defendants' motion to disqualify Plaintiff's counsel moot in this Court.

### ORDER

In accordance with the attached Memorandum, it is this 1st day of April 1998, by the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiffs' Motion for Injunction Against State Court Proceedings (Paper No. 5) BE, and hereby IS, DENIED; and

2. That Plaintiffs' Motion for Temporary Relief Against CKD Defendants (Paper No. 2) BE, and hereby IS, DENIED AS MOOT; and

3. That Defendants' Motion to Disqualify Plaintiffs' Counsel (Paper No. 14) BE, and hereby IS, DENIED AS MOOT; and

4. That this case BE, and hereby IS, CLOSED ADMINISTRATIVELY pending the resolution of the concurrent litigation in the Circuit Court for Baltimore County, Maryland (Case No. C-98-2468); and

5. That a copy of this Memorandum and Order be mailed to counsel for the parties.