**Nazie AZAM, Plaintiff–Appellant,**

v.

**BANK OF AMERICA, NATIONAL ASSOCIATION; U.S. Bank, as successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank**

N.A. as trustee for WaMu Mortgage Pass–Through Certificates Series 2006–AR–12 Trust, Defendants–Appellees.

No. 12–56848.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2013.*

Filed Oct. 21, 2013.

Nina Ringgold, Law Office of Nina R. Ringgold, Northridge, CA, for Plaintiff–Appellant.

Justin Donald Balser, Akerman Senterfitt, Denver, CO, Bryan Leifer, Akerman Senterfitt LLP, LOS Angeles, CA, Bryan Aric Gless, David Doss Piper, Esquire, Keesal, Young & Logan, Long Beach, CA, Defendants–Appellees.

Before: FERNANDEZ, PAEZ, and HURWITZ, Circuit Judges.

MEMORANDUM **

Nazie Azam appeals the district court's denial of her application for a temporary restraining order (TRO) and her application for reconsideration of that denial. We affirm.

The district court denied the TRO because based on the information before it, the district court determined that Azam could not meet the standards for a grant of injunctive relief. *See Winter v. Natural Res. Def. Council,* 555 U.S. 7, 20, 129 S.Ct.

365, 374, 172 L.Ed.2d 249 (2008); *Dev. Servs. Network v. Douglas,* 666 F.3d 540, 544 (9th Cir.2011); *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1134–35 (9th Cir.2011). We review its decision for abuse of discretion. *See Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir.2003) (en banc) (per curiam); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 & n. 7 (9th Cir.2001). The district court did not abuse its discretion when it determined that on the record before it Azam's rights regarding the property in question were properly part of her bankruptcy proceeding. *See* 28 U.S.C. § 157(a); In re Reference of Cases and Proceedings, General Order No. 266 (C.D.Cal.1984), *superseded by In re Reference of Cases and Proceedings,* General Order No. 13–05 (C.D.Cal.2013); *see also Celotex Corp. v. Edwards,* 514 U.S. 300, 313, 115 S.Ct. 1493, 1501, 131 L.Ed.2d 403 (1995); *cf. Kashani v. Fulton (In re Kashani),* 190 B.R. 875, 884–85 (9th Cir. BAP 1995). Moreover, it did not abuse its discretion in deciding that based on the record before it, Azam improperly sought to enjoin the state court's enforcement proceedings. *See* 28 U.S.C. § 2283; *see also County of Imperial v. Munoz,* 449 U.S. 54, 58–59, 101 S.Ct. 289, 292, 66 L.Ed.2d 258 (1980). Nor on this record did it abuse its discretion when it determined that Azam improperly sought to have it review and overturn a state court decision. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 1315–17, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 858–59 (9th Cir.2008); *Noel*

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Hall,* 341 F.3d 1148, 1164 (9th Cir.2003). In fine, we are unable to say that the district court abused its discretion when it denied a TRO at this early point in the litigation.[3]

AFFIRMED.

---

**3.** We decline to consider documents and other evidence which was not before the district court when it ruled.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.