NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| NAZIE AZAM, | ) | No. 12-56848 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 8:12-cv-01732-JST-MLG |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| BANK OF AMERICA, NATIONAL | ) | |
| ASSOCIATION; U.S. BANK, as | ) | |
| successor trustee to Bank of America, | ) | |
| N.A. as successor by merger to | ) | |
| LaSalle Bank N.A. as trustee for | ) | |
| WaMu Mortgage Pass-Through | ) | |
| Certificates Series 2006-AR-12 | ) | |
| Trust, | ) | |
| | ) | |
| Defendants – Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Submitted October 7, 2013**
Pasadena, California

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

Before: FERNANDEZ, PAEZ, and HURWITZ, Circuit Judges.

Nazie Azam appeals the district court's denial of her application for a temporary restraining order (TRO) and her application for reconsideration of that denial. We affirm.

The district court denied the TRO because based on the information before it, the district court determined that Azam could not meet the standards for a grant of injunctive relief. See Winter v. Natural Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); Dev. Servs. Network v. Douglas, 666 F.3d 540, 544 (9th Cir. 2011); Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011). We review its decision for abuse of discretion. See Sw. Voter Registration Educ. Project v. Shelley, 344 F.3d 914, 918 (9th Cir. 2003) (en banc) (per curiam); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 & n.7 (9th Cir. 2001). The district court did not abuse its discretion when it determined that on the record before it Azam's rights regarding the property in question were properly part of her bankruptcy proceeding. See 28 U.S.C. § 157(a); In re Reference of Cases and Proceedings, General Order No. 266 (C.D. Cal. 1984), superseded by In re Reference of Cases and Proceedings, General Order No. 13-05 (C.D. Cal. 2013); see also Celotex Corp. v. Edwards, 514 U.S. 300, 313, 115 S. Ct. 1493, 1501, 131 L. Ed. 2d 403

2

(1995); cf. Kashani v. Fulton (In re Kashani), 190 B.R. 875, 884–85 (B.A.P. 9th Cir. 1995). Moreover, it did not abuse its discretion in deciding that based on the record before it, Azam improperly sought to enjoin the state court's enforcement proceedings. See 28 U.S.C. § 2283; see also County of Imperial v. Munoz, 449 U.S. 54, 58–59, 101 S. Ct. 289, 292, 66 L. Ed. 2d 258 (1980). Nor on this record did it abuse its discretion when it determined that Azam improperly sought to have it review and overturn a state court decision. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482–86, 103 S. Ct. 1303, 1315–17, 75 L. Ed. 2d 206 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858–59 (9th Cir. 2008); Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003). In fine, we are unable to say that the district court abused its discretion when it denied a TRO at this early point in the litigation.[3]

AFFIRMED.

---

[3]We decline to consider documents and other evidence which was not before the district court when it ruled.